## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARDO FOOTWEAR, L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0963 |
| | § | |
| FORTUNE DYNAMICS, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM ON CLAIM CONSTRUCTION

The Court conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996) ("*Markman* hearing") on December 14, 2007, regarding United States Patent No. D513,447 (the "'447 Patent") owned by Plaintiff Bernardo Footwear, L.L.C. ("Bernardo").[1]  Based on the drawings in the '447 Patent, the arguments presented by counsel at the *Markman* hearing, and the governing legal authorities, the Court issues this Memorandum construing the design patent claim.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Bernardo's '447 Patent is entitled "Sandal."  Bernardo markets a sandal known as the "Medieval" sandal that embodies the design claimed in the '447 Patent.

---

[1]    Although a design patent has no written claim terms, the Court is required to "construe" the design patent as claimed in the drawings.  *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (citing *Markman*, 52 F.2d at 976).

Bernardo alleges that Defendant Fortune Dynamics, Inc. ("Fortune") markets an infringing sandal under a "Classified" brand "Sour-S" style.

Bernardo sued Fortune and other defendants alleging infringement of the '447 Patent.[2]  Fortune no longer markets the allegedly infringing sandal, and has no plans to do so in the future.  Fortune denies, however, that its accused sandal infringed the '447 Patent.

The parties filed their Joint Claim Construction and Pre-Hearing Statement [Doc. # 46].  Plaintiff filed its Opening Claim Construction Brief [Doc. # 49], Fortune filed its Response [Doc. # 52], and Bernardo file a Reply [Doc. # 54].  The parties also filed a Joint Claim Construction Chart [Doc. # 55].  During the *Markman* hearing, Bernardo filed a Bench Brief In Reference to Broken Lines [Doc. # 74].  Subsequently, Fortune filed a Supplemental Post-*Markman* Brief [Doc. # 77].  The Court has considered each of these documents but, most importantly, has reviewed the '447 Patent and applied governing legal authorities.  On this basis, the Court construes the '447 Patent as follows.

## II.   GENERAL LEGAL STANDARDS FOR CLAIM CONSTRUCTION

"A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent."  *Arminak and Assoc., Inc. v. Saint-Gobain Calmar, Inc.*, 501

---

[2]      All other Defendants have settled with Plaintiff.

F.3d 1314, 1319 (Fed. Cir. 2007) (quoting *Elmer v. ICC Fabricating, Inc.,* 67 F.3d 1571, 1577 (Fed. Cir. 1995)).  Design patents are generally claimed as shown in the drawings in the patent.  *Arminak*, 501 F.3d at 1319.  "The scope of the claim of a patented design encompasses its visual appearance as a whole, and in particular the visual impression it creates."  *Id.* at 1319-20 (internal quotations omitted) (citing *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1376 (Fed. Cir. 2002)). The Court's task is to "translate" the patent's visual images into a verbal description. *See Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100, 103 (Fed. Cir. 1996).  The Court's verbal description of the claimed design cannot be overly general – it must do more than state the general concept of the design.  *See id.* at 104.

A significant dispute between the parties involves the broken lines drawn close to the outer edge of the sandal in the '447 Patent.  Defendant argues that the broken lines represent the stitching that is a clear visual image in the sandal marketed by Bernardo under the '447 Patent.  Plaintiff asserts that broken lines can indicate a feature not included in the claimed design.  It is clearly established that if there are features in the drawings that the designer does not want to be claimed, "the patentee is permitted to show the features in broken lines to exclude those features from the claimed design . . .."  *Contessa*, 282 F.3d at 1378 (citing *Door-Master Corp. v. Yorktowne, Inc.,* 256 F.3d 1308, 1313 (Fed. Cir. 2001)).  "Broken lines may be used

to show visible environmental structure . . ..." 37 C.F.R. § 1.152.  Nonetheless, the

Manual of Patent Examining Procedure ("MPEP") provides that the "specification

should make it clear that the structure shown in broken lines is not part of the design

sought to be patented."  *See* MPEP § 1503.02.

## III.   CLAIM CONSTRUCTION OF THE '447 PATENT

The '447 Patent design patent is for a thong sandal with the focal point being a

curved ring at the top of the foot.  The sandal also contains a sole, side straps, and a toe

thong.  The side straps and the toe thong attach the ring to the sole.

The sole of the sandal has a low profile, is thin and flat, and has a rounded heel

and a rounded toe.  The top and bottom of the sole have ornamental stitching around

the entire perimeter, except on the bottom of the sole where the heel covers the

stitching.[3]  The heel is low, approximately one-half the thickness of the sole itself.  The

top of the sole has a slightly raised portion across the sandal inside the decorative

stitching, giving the appearance that the raised portion is padded.

The toe thong and the side straps connect the ring to the sole.  The toe thong

appears to be two separate round strands attached to the ring as part of a Lark's Head

---

[3]     The stitching is depicted by a broken line, but the patent does not make it clear that the
broken lines are not stitching that is part of the design sought to be patented as required by
MPEP § 1503.02.  Consequently, in this case where the broken lines create the visual image
of decorative stitching, the Court construes the broken lines as part of the claimed design as
depicted in the drawing.

Knot (two half hitches tied in opposite directions).[4]  Each of the side straps is comprised of three round strands passing from the sole over the ring and into the sole again, creating the appearance of three strands on top of the ring and six strands between the ring and the sole.  The strands are gathered together immediately below the ring with a band that appears to have ridges.[5]

The ring, when viewed from the side, has a slight upward curvature and, when viewed from the rear or heel, has a comparable downward curvature.  When viewed from above, the left side of the ring has a depression on its top surface beginning near the front of the ring and ending near the back of the ring, giving the surface of the ring an irregular appearance.

## IV.   CONCLUSION

The Court construes the '447 Patent as set forth herein.  The remaining deadlines in the Court's Scheduling Order [Doc. # 38], beginning with the **February 8, 2008** deadline for Final Infringement Contentions and to Amend Pleadings on Infringement Claims, remain in effect.

---

[4]     For further information about making a Lark's Head Knot, *see* www.ehow.com/how_13480_make-larks-head.html.

[5]     It is unclear how the ridged appearance is created, and there are several possibilities.  One option is a single, ridged piece gathering the strands together.  Other potential ways to create the ridged band include a thin cord wrapped approximately nine times around the strands, or approximately nine thin cords or loops placed next to each other and wrapped once around the strands.

SIGNED at Houston, Texas, this **24th** day of **December, 2007**.

Nancy F. Atlas
United States District Judge