IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARDO FOOTWEAR, L.L.C., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0963 |
| | § | |
| FORTUNE DYNAMICS, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 56] filed by Defendant Fortune Dynamics, Inc. ("Fortune"). Fortune seeks summary judgment on Plaintiff's claim for infringement damages because Fortune stopped marketing its allegedly infringing sandals before it received actual or constructive notice. Plaintiff Bernardo Footwear, L.L.C. ("Bernardo") filed a Response [Doc. # 72] in opposition to the Motion, Fortune filed a Reply [Doc. # 73], and Bernardo filed a Sur-Reply [Doc. # 76].[1] Having reviewed the full record in this

---

[1] Fortune filed a Motion to Strike Plaintiff's Sur-Reply [Doc. # 79], arguing in part that the sur-reply was filed without permission. Fortune also argues that Bernardo in its Sur-Reply either rephrases arguments presented in its Response or makes new arguments that should have been presented in the Response. Bernardo then filed a Motion for Leave to File Sur-Reply [Doc. # 81]. The Court **grants** Bernardo's Motion for Leave and **denies** Fortune's Motion to Strike, but does not consider improper arguments or evidence in deciding Fortune's Motion for Partial Summary Judgment.

case, and having applied the governing legal authorities, the Court **grants** Fortune's Motion for Partial Summary Judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Bernardo is the owner of United States Patent No. D513,447 (the "'447 Patent"), entitled "Sandal." The '447 Patent was issued on January 10, 2006. Bernardo markets a "Medieval" and a "Medieval Woven" style sandal that embody the '447 Patent. Bernardo alleges that Defendant marketed an infringing sandal. It is undisputed that Fortune has not sold the allegedly infringing sandal style since the end of August 2006 and has no plans to sell the sandals in the future.

Bernardo sued Fortune, and Fortune moved for summary judgment on the issue of infringement damages. Specifically, Fortune argues that it has not sold any allegedly infringing sandals since well before it received notice of the '447 Patent. The Motion has been fully briefed and is ripe for decision.

## II.    NOTICE REQUIREMENT FOR INFRINGEMENT DAMAGES

A patentee may only recover damages for infringing sales that occurred after it gave actual or constructive notice of its patent rights. *See* 35 U.S.C. § 287(a); *Sentry Protection Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). Actual notice is given when the patent holder notifies the accused infringer of its alleged infringement and identifies the product that is infringing. *See SRI Int'l, Inc. v.*

*Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997). It is undisputed that Bernardo gave Fortune actual notice by letter on January 11, 2007, several months after Fortune stopped selling its allegedly infringing sandals.

"Constructive notice is provided when the patentee consistently marks substantially all of its patented products." *Sentry*, 400 F.3d at 918 (internal quotations and citations omitted). "The purpose of the constructive notice provision is to give patentees the proper incentive to mark their products and thus place the world on notice of the existence of the patent." *American Med. Sys., Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (internal quotations and citation omitted). A patentee may give constructive notice that a product is patented by marking the product or affixing to it the word "patent" or the abbreviation "pat." with the patent number. *See* 35 U.S.C. § 287(a). This marking must be "substantially consistent and continuous" for it to qualify as constructive notice. *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). The date marking began is without more "irrelevant for purposes of the statute, because marking alone without distribution provides no notice to the public where unmarked products are continuing to be shipped." *American Medical*, 6 F.3d at 1537-38. "The world cannot be 'put on notice' if the patentee marks certain products, but continues to ship unmarked products." *Id.* at 1538. The "focus is not on what the infringer actually knew, but on

whether the patentee's actions were sufficient, in the circumstances, to provide notice *in rem*." *See Nike*, 138 F.3d at 1446.

There is no compliance with the marking statute until the patent holder consistently marks substantially all of its products and is "no longer distributing unmarked products." *See American Medical*, 6 F.3d at 1538. The patentee has the burden to prove constructive notice by a preponderance of the evidence. *See Nike*, 138 F.3d at 1447. Consequently, Bernardo must present evidence to show by a preponderance of the evidence when it was "no longer distributing unmarked" sandals.

Bernardo correctly argues that a patentee is entitled to sell a "relatively small number" of unmarked products "*as it readies the marking process*." *See* Response [Doc. # 72], pp. 8-9 (citing *American Medical*, 6 F.3d at 1534-35) (emphasis added). Bernardo also correctly argues that a patentee is not required to retrieve unmarked products that have already been sold. Neither argument, however, precludes summary judgment in this case.

It is undisputed that in January 2006, Bernardo instructed Pacific Shoes, Inc. ("Pacific"), its exclusive manufacturer, to begin marking the "Medieval" sandal with the '447 Patent number, but not to mark the "Medieval Woven" sandals. Later, in late March or early April 2006, Bernardo instructed Pacific to begin marking the "Medieval Woven" sandals with the patent number. At about the same time, Bernardo began

providing the patent number on its website. Consequently, it is undisputed that Bernardo began consistently marking substantially all its sandals covered by the '447 Patent by mid-April 2006.

It is also undisputed, however, that Bernardo does not know and has no basis to determine when, or indeed if, it ceased selling unmarked "Medieval" or "Medieval Woven" sandals. When Bernardo began consistently marking substantially all its patented sandals in April 2006, there were unmarked "Medieval" and "Medieval Woven" sandals in Bernardo's warehouse inventory.[2] Bernardo argues that it has satisfied the requirements of the marking statute since the spring of 2006 based on its practice regarding orders placed by major retail purchasers. Sandals for those orders were manufactured and delivered in "pair cases" identifiable to the specific order and, therefore, were marked with the patent number. Bernardo concedes, however, that certain reorders and orders placed by non-retail customers were generally filled from Bernardo's warehouse inventory, some of which remained unmarked.[3] Bernardo did not in 2006 (and still does not) have a policy of rotating its inventory on a first-in-first-out basis, and did not (and does not now) differentiate in its inventory record-keeping

---

[2]   Bernardo has presented no evidence of the number of unmarked sandals in its inventory at that time.

[3]   All the "Medieval Woven" sandals were unmarked at the beginning of April 2006, as were some of the "Medieval" sandals.

between marked and unmarked products.  As a result, Bernardo does not know when, or whether, those reorders were no longer being filled with unmarked sandals.  Indeed, Roy Smith III, Bernardo's President, testified in October 2007 that it would be "impossible" to determine the last time Bernardo shipped unmarked sandals.  *See* Smith Deposition, Exh. 5 to Motion, pp. 35, 37, 38-39.  Smith testified that Bernardo cannot show that it stopped shipping unmarked sandals by January 11, 2007, when it provided actual notice to Fortune.  *See id.* at 45.  Smith also testified that Bernardo cannot state, and therefore Bernardo cannot meet its burden to show, that it did not sell unmarked sandals after September 1, 2006, after Fortune stopped selling its allegedly infringing sandals.  *See id.* at 67-68, 69.  This is because Bernardo did not differentiate in its record-keeping between marked and unmarked products and did not check the sandals before shipping to be sure they are marked with the patent number.

   In sum, Bernardo has no evidence that it stopped selling unmarked sandals before Fortune stopped selling its allegedly infringing product.  Indeed, Bernardo's President concedes it would be impossible to determine the date when Bernardo was no longer selling unmarked sandals.  Bernardo, therefore, has not raised a genuine issue of material fact regarding compliance with the constructive notice provision of the marking statute, § 287(a).  Fortune is entitled to summary judgment on the issue of monetary infringement damages.

### III. <u>CONCLUSION AND ORDER</u>

Bernardo has not presented evidence that raises a genuine issue of material fact regarding whether it gave constructive notice to Fortune before Fortune stopped selling its allegedly infringing sandal, and it is undisputed that Fortune stopped marketing the sandals prior to receiving actual notice. As a result, Bernardo is not entitled to recover monetary infringement damages. It is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. # 56] is **GRANTED**. It is further

**ORDERED** that Bernardo's Motion for Leave to File Sur-Reply [Doc. # 81] is **GRANTED** and Fortune's Motion to Strike Plaintiff's Sur-Reply [Doc. # 79] is **DENIED**.

SIGNED at Houston, Texas, this **15<u>th</u>** day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge