## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARDO FOOTWEAR, L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0963 |
| | § | |
| FORTUNE DYNAMIC, INC., | § | |
|     Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Bernardo Footwear, L.L.C. ("Bernardo") filed this patent infringement

lawsuit against Defendant Fortune Dynamic, Inc. ("Fortune") alleging that Fortune's

"Sour-S" sandal infringes United States Design Patent No. D513,447 ("the '447

Patent").  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

There is no objection to this Court's personal jurisdiction over Defendant or to venue

in this federal district.

The infringement issue was tried to the Court on April 24, 2008.[1]  Each party

presented exhibits at trial, but neither party presented evidence through live witnesses.

After introducing its evidence into the record, Bernardo conceded that it could not

prove infringement and rested.  Defendant introduced its exhibits, and each party then

---

[1]    The parties waived their right to a jury trial.

presented oral argument in support of its position.  Having considered the evidence introduced by the parties, and having reviewed all matters of record in this case, the Court makes the following findings of fact and conclusions of law.[2]

## I.   <u>BACKGROUND</u>

Bernardo is the owner of the '447 Patent, which claims an ornamental design for a sandal.  Bernardo alleges that Fortune's "Sour-S" sandal, sold under the "Classified" brand, infringes the '447 Patent.[3]  Fortune, who no longer markets the allegedly infringing sandal, denies that its accused sandal infringed the '447 Patent.

The Court construed the '447 Patent as follows:

> The '447 Patent design patent is for a thong sandal with the focal point being a curved ring at the top of the foot.  The sandal also contains a sole, side straps, and a toe thong.  The side straps and the toe thong attach the ring to the sole.
>
> The sole of the sandal has a low profile, is thin and flat, and has a rounded heel and a rounded toe.  The top and bottom of the sole have ornamental stitching around the entire perimeter, except on the bottom of the sole where the heel covers the stitching.  The heel is low, approximately one-half the thickness of the sole itself.  The top of the

---

[2]    The Court explains the evidence and uses various forms of the word "find" to indicate a finding of fact, and sets forth legal principles and uses forms of the words "hold" and "conclude" to indicate a conclusion of law.  To the extent a finding of fact is more properly a conclusion of law, and to the extent a conclusion of law is more properly a finding of fact, it should be so construed.

[3]    Bernardo also sued Dillard's, Inc., Federated Department Stores, Inc., and Michael Kors (USA), Inc., but these three Defendants previously settled with Plaintiff.

sole has a slightly raised portion across the sandal inside the decorative stitching, giving the appearance that the raised portion is padded.

The toe thong and the side straps connect the ring to the sole. The toe thong appears to be two separate round strands attached to the ring as part of a Lark's Head Knot (two half hitches tied in opposite directions). Each of the side straps is comprised of three round strands passing from the sole over the ring and into the sole again, creating the appearance of three strands on top of the ring and six strands between the ring and the sole. The strands are gathered together immediately below the ring with a band that appears to have ridges.

The ring, when viewed from the side, has a slight upward curvature and, when viewed from the rear or heel, has a comparable downward curvature. When viewed from above, the left side of the ring has a depression on its top surface beginning near the front of the ring and ending near the back of the ring, giving the surface of the ring an irregular appearance.

Memorandum on Claim Construction [Doc. # 82], pp. 4-5.[4]

After the Court issued its Memorandum on Claim Construction, Bernardo conceded that it could not prove infringement and offered to enter into a stipulation to that effect. Fortune, concerned that Bernardo pursues an aggressive litigation strategy to protect its rights under the '447 Patent, declined to accept Bernardo's offer of a stipulation. The case proceeded to trial.

---

[4] Because the footnotes were not part of the Court's claim construction, they are not included herein.

## II.  INFRINGEMENT

### A.  Applicable Legal Standard

A design patent protects the non-functional aspects of an ornamental design as shown in the patent drawings. 35 U.S.C. § 171 ("Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title."); *PHG Tech., LLC v. St. John Cos., Inc.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006). "[A] design patent is directed to the appearance of an article of manufacture." *PHG*, 469 F.3d at 1366.

A determination of design patent infringement involves a two-step analysis. *Arminak and Assoc., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007). First, the Court construes the claim terms "to determine their meaning and scope." *Id.* "The scope of the claim of a patented design encompasses its visual appearance as a whole, and in particular the visual impression it creates." *Id.* at 1319-20 (internal quotations and citations omitted). The Court construed the '447 Patent in its Memorandum on Claim Construction [Doc. # 82], entered December 24, 2007.

The second step involves comparing the claims as construed by the Court with the accused design. *Id.* at 1320. Infringement of a design patent occurs if the patented design and the accused design have the same general appearance, such that the ordinary observer would likely be deceived into confusing the design of the accused

article with the patented design.  *Id.*  The two designs do not have to be identical in order for the accused design to infringe.  *Id.*

"The comparison of the patented and accused designs involves two separate tests, both of which must be satisfied to find infringement:  the 'ordinary observer' test and the 'point of novelty' test."  *Id.*  The "ordinary observer" test requires a showing that, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same [and] the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other."  *Id.* (quoting *Gorham Manufacturing Co. v. White*, 81 U.S.(14 Wall.) 511, 20 L. Ed. 731 (1871)).  In the separate and distinct "point of novelty" inquiry, the patent holder must prove that "the accused design appropriated the novelty which distinguishes the patented design from the prior art."  *Id.*  The holder of a design patent has the burden to prove infringement.  *See Amini Innovation Corp. v. Anthony California, Inc.*, 2004 WL 5545445, *10 (C.D. Cal. Dec. 3, 2004); *Tecumseh Prods. Co. v. Briggs & Stratton Corp.*, 295 F. Supp. 2d 902, 911 (E.D. Wis. 2003).

## B.   Ordinary Observer Test

Bernardo argues that the "ordinary observer" in this case is the consumer who purchases sandals.  Fortune argues that the ordinary observer is the owner, manager, or buyer for retail stores that sell sandals.  The Court need not decide this issue

because, as is explained more fully below, the differences between the accused sandal and the claims of the '447 Patent are so significant that neither the sophisticated, professional buyer for retail stores nor the ultimate consumer who shops for sandals at those retail stores would find substantial similarities between the patented design and the accused design and be deceived into purchasing the accused sandal believing it is a sandal covered by the patented design.

"In applying the ordinary observer test, a court is to compare the construed claims to the accused design to determine whether the designs have the same general visual appearance," such that an ordinary observer would likely be deceived or confused. *Arminak*, 501 F.3d at 1324. The Court finds that the ordinary observer, whether the professional buyer or the retail customer, would not be deceived or confused because of the numerous differences between the two designs.

The accused design does not include ornamental stitching around the perimeter. The accused design does not have a rounded heel and a rounded toe. Instead, the accused design has a square heel and a more pointed toe. The accused design has a higher heel. The accused design does not have side straps that are comprised of three round strands that create the appearance of six strands. Instead, the accused design has side straps comprised of two round strands that create the appearance of four

strands. The ring in the accused design, when viewed from the top, has a smooth rather than an irregular, hammered appearance.

These visual differences between the two designs are significant, individually and in the aggregate.  As a result, the Court finds that an ordinary observer, whether a professional buyer or a retail customer, would not be deceived or confused between the two designs.  Bernardo has failed to satisfy the "ordinary observer" test.

A design patent holder must satisfy both the "ordinary observer" test and the "point of novelty" test to prove infringement.  Because Bernardo has failed to satisfy the "ordinary observer" test, and because the parties offered no evidence or argument on the "point of novelty" test, the Court need not address the second test.

C.     **Requests for Relief**

In its Complaint, Bernardo sought monetary damages for the alleged infringement and an injunction against future infringement.  Bernardo has not satisfied its burden to prove that Fortune's "Sour-S" sandal design infringes the '447 Patent. As a result, Bernardo is not entitled to any of the relief it seeks in this lawsuit.[5]

---

[5]     By Memorandum and Order [Doc. # 83] entered January 15, 2008, the Court held that Bernardo was not entitled to recover any monetary damages from Fortune because Fortune stopped marketing the accused sandals before Bernardo gave it actual or constructive notice.  The Court incorporates its January 15, 2008 Memorandum and Order as part of these Findings of Fact and Conclusions of Law.

Fortune claims that it should be allowed to recover its attorneys' fees because Bernardo "failed to investigate the facts" of the case and "failed to reassess its position as facts were discovered." "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). An award of fees pursuant to § 285 is "limited to circumstances in which it is necessary to prevent a gross injustice." *FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (quoting *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). The prevailing party must prove an exceptional case by clear and convincing evidence. *See Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005). The Court finds that Bernardo reassessed its position and offered to stipulate to non-infringement promptly after the Court issued its Memorandum on Claim Construction and the January 15, 2008 Memorandum and Order granting Fortune's motion for summary judgment on the notice issue. As a result, the Court does not find this to be an exceptional case and denies Fortune's request for attorneys' fees.

IV.   **CONCLUSION**

As Bernardo conceded, Fortune's accused design does not infringe the '447 Patent.   Consequently, Bernardo is not entitled to any of the relief it requests. Fortune's request for attorneys' fees pursuant to § 285 is denied.   Final Judgment in favor of Fortune will be issued separately.

SIGNED at Houston, Texas, this 28th day of **April, 2008**.

Nancy F. Atlas
United States District Judge